UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Melissa Jenks, individually
and g/n/f of Roderick Jenks</u>

   v.                                      Civil No. 09-cv-205-JD

<u>New Hampshire Motor
Speedway, Inc., et al.</u>


O R D E R

Melissa Jenks, as the guardian and next friend of her husband, Roderick Jenks, and on her own behalf, sued New Hampshire Motor Speedway, Inc. ("NHMS"), Breann M. Thompson, Textron, Inc., and John Doe, Inc., an unknown golf cart manufacturer, ("Defendants"),[1] seeking to recover for injuries that Roderick Jenks sustained on July 16, 2006, at NHMS.  Textron cross-claimed for contribution and indemnification from NHMS and Thompson.  NHMS and Thompson answered Textron's cross-claim on July 24, 2009, and August 14, 2009, respectively.  NHMS and Thompson now jointly move to amend their answers to assert claims for contribution and indemnification against Textron.  They also move to implead Textron Financial Inc., a subsidiary of Textron, and A.B.L., Inc. in order to assert similar claims for

---

[1] A fifth defendant, Checkered Flag Snack Bar, was dismissed from the case on the ground that it was not a separate entity but owned and operated by NHMS.

contribution and indemnification.  Both Jenks and Textron assent to the motions.

A.   Motion to Amend

NHMS and Thompson cite Federal Rule of Civil Procedure 15(a)(2) as the standard governing their motion to amend their answers to Textron's cross-claims.[2]  Rule 15(a)(2) provides that, where Rule 15(a)(1) does not apply, "a party may amend its pleading only with . . . the court's leave," which should be freely given "when justice so requires."

The cross-claims for contribution and indemnification that NHMS and Thompson seek to bring mirror those Textron has brought against NHMS and Thompson.  In light of Jenks' and Textron's assent, the amendment is allowed.

B.   Motion to Implead

Federal Rule of Civil Procedure 14(a) permits a defendant to serve a summons and complaint against a non-party who is or may be liable to it for all or part of the claim against it.  Leave

---

[2]Technically, because the parties filed their motion after the December 1, 2009, deadline for amending their pleadings, the court must first determine whether to extend the deadline under Federal Rule of Civil Procedure 16(b)(4).  As neither party objects to the amendment, however, the extension is allowed.

of the court is required, however, when the third-party complaint is filed more than 14 days after the moving defendant has served its original answer.  Fed. R. Civ. P. 14(a).  The decision as to whether allow impleader "is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings."  Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999).

NHMS and Thompson assert that the third-party complaint will not expand the scope of discovery nor cause prejudice to any party, because it involves product liability claims already at issue in the case.  As no party objects to NHMS and Thompson's motion, it is allowed.

## Conclusion

For the foregoing reasons, NHMS and Thompson's joint motion to amend their answers to Textron Inc.'s cross-claims (doc. no. 40) and their joint motion for leave to file a third-party complaint against Textron Financial, Inc. and A.B.L., Inc. (doc.

no. 38) are granted. Responsive pleadings shall be filed in accord with the Federal Rules of Civil Procedure.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

September 28, 2010

cc: R. Matthew Cairns, Esquire
Christopher A. Callanan, Esquire
James M. Campbell, Esquire
R. Peter Decato, Esquire
Neil A. Goldberg, Esquire
Michael D. Shalhoub, Esquire
William a. Whitten, Esquire