UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Melissa Jenks, Individually
and as Guardian and Next
Friend of Roderick
Jenks

    v.                                    Civil No. 09-cv-205-JD

New Hampshire Motor
Speedway, Inc., et al.


**O R D E R**

On March 3, 2011, Melissa Jenks, acting both as the guardian and next friend of her husband, Roderick Jenks, and on her own behalf, filed a Motion to Resolve Discovery Dispute (doc. no. 79), to which the Defendant New Hampshire Motor Speedway ("NHMS") concurred. In the motion, the parties seek expedited resolution of discovery disputes in advance of a major deposition scheduled to occur on today's date.

The parties disagree with respect to four separate topics (and related document-production requests) about which plaintiff intends to inquire at her deposition of NHMS's witness. The topics and document requests are contained

in plaintiff's notice of deposition dated February 16, 2011, and attachments thereto (doc. no. 79-1)

The court scheduled oral argument for the afternoon of March 7, 2011. The court has carefully considered the arguments of counsel with respect to the four disputes at issue. In the interest of efficiency, the court issues its ruling without a lengthy factual recitation. After a summary of the legal standard, the court then addresses the individual disputes seriatim, as follows.

## Legal Standard

The parties agreed that the court should treat the dispute as it would if plaintiff had filed a motion to compel answers and the production of documents with respect to the four areas of dispute.

"Unless otherwise limited by court order, the scope of discovery . . . [extends to] any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 26(b)(1). A party seeking broader discovery, that is, discovery of "any matter relevant to the subject matter involved in the action," is required, under the rule, to show "good cause." Id.; see also In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008).

The court "must limit the frequency or extent of discovery otherwise allowed" where it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

Fed. R. Civ. P. 26(b)(2)(C).

"The purpose of pretrial discovery is to make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (internal quotation marks omitted). In this court, the party moving to compel discovery over an adversary's objection bears the burden of showing that the information he seeks is relevant and not privileged. Id. at *2;

Saalfrank v. Town of Alton, No. 08-cv-46-JL, 2009 WL 3578459, at *3 (D.N.H. Oct. 27, 2009).

With these principles as a backdrop, the court turns to discovery disputes at issue.

Topic #14 (and related document request)

Topic #14 seeks:

> All matters regarding policies of the New Hampshire Motor Speedway to provide compensation through charitable contributions for those volunteers providing labor and/or services during race preparation and race events in lieu of directly employing such persons, including but not limited to, the nature and magnitude of financial benefit to New Hampshire Motor Speedway regarding providing charitable contributions for labor and services of volunteers versus providing wages and benefits, such as workers' compensation coverage for such volunteers.

Plaintiff seeks to obtain financial information from NHMS, the relevance of which plaintiff could not tie to a claim or defense in the case. Instead, plaintiff wants this information solely to impress the jury with financial figures that, plaintiff contends, will show the amount that NHMS profits from using volunteers rather than employees. As was made clear at oral argument, plaintiff intends to introduce this information to illustrate that NHMS's use of volunteers is motivated more by greed than charity.

The court denies this request. The request is not relevant to a claim or defense in the case, nor has plaintiff shown "good cause" to this information under the more liberal discovery standard.

Topic #14A (and related document request)

Topic #14A seeks:

> All matters regarding the type, substance and nature of benefits and compensation provided to so-called "volunteers" such as Rodney Jenks for their labors and the limits in benefits or protections for them intended by Defendant NHMS, Inc. including but not limited to the exclusion of workers' compensation coverage and the imposition of an exclusion of liability in the event of their injury.

Plaintiff's counsel conceded at oral argument that, as worded, this topic is overly broad. Plaintiff intends instead to ask the deponent whether there are any documents, other than the release[1], that Mr. Jenks would have signed or received that provide, explain, or relate to any exclusions of liability for NHMS.

To the extent plaintiff intends to ask that limited question, that question is permitted (and any documents

---

[1] The release was the subject of Judge DiClerico's order dated march 3, 2010 (doc. no. 31).

responsive to it must be provided to plaintiff).  Otherwise, Topic #14A and its related document request are denied.

Topic #14B (and related document request)

    Topic #14B seeks:

    All matters regarding the control exerted by Defendant NHMS, Inc. over so-called "volunteers" such as Rodney Jenks regarding their work at, for and on behalf of NHMS.

    To the extent that plaintiff intends to ask the deponent about facts regarding NHMS's "control" over its volunteers, NHMS does not object.  However, as currently worded, the question is ambiguous and can be construed to call on the deponent to state legal conclusions with respect to NHMS's control over its volunteers.

    The court finds merit in NHMS's concerns.  To the extent Topic #14B seeks facts concerning the control that NHMS exerts over its volunteers, it is permitted.  Otherwise, it is denied as irrelevant, vague and overbroad.

Topic #48 (and related document request)

    Topic #48 seeks:

    The policies, rules, regulations, training and enforcement regarding golf cart use and safety provided to staff, employees, manager and/or so-called volunteers by Speedway Motor Sports, Inc., and/or the

>   operators of its tracks, the Atlanta Motor Speedway,
>   Bristol Motor Speedway, Infinenon Raceway, Las Vegas
>   Motor Speedway, Charlotte Motor Speedway, Texas Motor
>   Speedway and Kentucky Speedway at the time of the
>   Rodney Jenks accident on July 16, 2006 and thereafter.

It is undisputed that NHMS is a subsidiary of Speedway Motor Sports, Inc. ("SMI"), and that the corporate entities listed in Topic #48 are separate and distinct from NHMS. Each entity listed in Topic #48 is a nonparty. Plaintiff seeks this information pursuant to Fed. R. Civ. P. 30(b)(6) and 45. For the reasons articulated by NHMS at oral argument, plaintiff cannot properly seek information under the control of a nonparty from NHMS in this manner. Rule 30(b)(6) permits plaintiff to seek to obtain this information from a nonparty, corporate entity via a subpoena to that nonparty corporation. Plaintiff has not filed such a subpoena.

Moreover, the request is overly broad as it seeks material from these entities in existence from the date of Mr. Jenks' accident to the present. Plaintiff has not shown the relevance of materials related to golf-cart safety that were generated at other racetracks after Mr. Jenks's accident.

For these reasons, Topic #48, and its related document production request, are denied.

Conclusion

For the aforementioned reasons, the court denies plaintiffs' request to compel the deponent at the March 8, 2011, deposition to answer (or provide documents related to) Topics 14, 14A (as currently worded), 14B (as currently worded), and 48.  To the extent consistent with the court's limiting construction of Topics 14A and 14B, as detailed above, plaintiff is permitted inquiry and related documents.

Accordingly, plaintiff's Motion to Resolve Discovery Dispute (doc. no. 79) is granted in part and denied in part.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Dated:  March 8, 2011
cc:  R. Matthew Cairns, Esq.
     Christopher A. Callanan, Esq.
     James M. Campbell, Esq.
     R. Peter Decato, Esq.
     Dona Feeney, Esq.
     Mark V. Franco, Esq.
     Neil A. Goldberg, Esq.
     Derek D. Lick, Esq.
     Daniel R. Mawhinney, Esq.
     Christopher B. Parkerson, Esq.
     Michael D. Shalhoub, Esq.
     William A. Whitten, Esq.