UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Melissa Jenks, G/N/F of
Roderick Jenks

   v.                                              Civil No. 09-cv-205-JD
                                                   Opinion No. 2011 DNH 159

New Hampshire Motor Speedway, Inc.,
F/K/A New Hampshire Speedway, et al.

   v.

ADL Leasing and Textron Financial, Inc.


O R D E R

Melissa Jenks, as the guardian and next friend of her husband, Roderick Jenks, and on her own behalf, sued New Hampshire Motor Speedway, Breann Thompson, and Textron, Inc., alleging negligence claims against Thompson and the Speedway and product liability claims against Textron, arising from an accident involving a golf cart. Jenks has retained an expert witness, William J. Vigilante, Ph.D., to provide his opinion about the adequacy of warnings on the golf cart. Textron moves to compel Jenks to produce an article and expert reports that Dr. Vigilante has prepared in other cases. Jenks objects to the motion on the grounds that Textron failed to include a certification that it attempted to resolve the dispute before

filing the motion, that the discovery request is overly broad and burdensome, and that the request seeks privileged material.

A.  Certification

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Under the rule, the requirement to confer or make a good faith effort to do so is not satisfied by an exchange of emails or letters demanding production. See Aponte-Vavedo v. Nalco Chem. Co., 268 F.R.D. 31, 40 (D.P.R. 2010); Antonis v. Electronics for Imaging, Inc., 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008). In the absence of a certification, the court may consider the circumstances to determine whether an adequate effort was made to satisfy the requirements of Rule 37(a)(1). See Velazquez-Perez v. Developers Diversified Realty Corp., 272 F.R.D. 310, 312 (D.P.R. 2011); see also Abernathy v. Corinthian Colleges, Inc., 2011 WL 4055237, at *1 (S.D. Ohio Sept. 12, 2011).

Textron did not include a specific certification that the parties had conferred or that it had made a good faith effort to confer about the discovery dispute as required by Rule 37(a)(1).

Textron did provide a history of the parties' interaction about the discovery issue, including copies of letters sent between counsel. In the motion Textron states: "Undersigned counsel attempted but was unable to obtain the assent of Plaintiffs' counsel to this motion." Doc. no. 104, ¶16. As part of the "Preliminary Statement" section of the memorandum in support of the motion, Textron states: "Good faith attempts to resolve this discovery dispute have been unsuccessful; this motion follows." Doc. no. 104-9 at 2.

The documented communication between counsel shows the following. During the deposition of Dr. Vigilante taken on May 20, 2011, counsel for Textron asked Dr. Vigilante if he had ever before testified or consulted in a case involving the adequacy of warnings on golf carts. Dr. Vigilante responded that he did not recall that he had. When asked whether he had been retained or involved in any "ATV-related" cases, he said he had been involved in about six ATV cases and most of them involved the adequacy of warnings. Textron's counsel then asked Dr. Vigilante if he could find the names of the ATV cases, and Dr. Vigilante said he would have to search his database which is organized by key words. Counsel asked that Dr. Vigilante make a word search of his database for "ATV" and "all terrain vehicle." Jenks's counsel asked Textron's counsel to make the request to him. Textron's

counsel also asked for an article authored by Dr. Vigilante and for Dr. Vigilante's reports in two other cases.

On June 3, 2011, Textron's counsel sent a letter to Jenks's counsel asking for certain documents and for the "[n]ames of all cases and copies of all reports by Dr. Vigilante relating to All Terrain Vehicles ("ATVs") in Dr. Vigilante's database." Jenks's counsel responded in a letter dated June 13, 2011, asking counsel to send a formal request for production of documents. Counsel also included an "informal" response, stating that counsel would provide the citation for an article authored by Dr. Vigilante, that Dr. Vigilante would search his database for pertinent expert reports, and that Dr. Vigilante would ask his other clients to agree to allow him to release the reports he had prepared in other cases.

On June 20, 2011, Textron sent a Rule 34 request for production of documents, asking Jenks to produce the article, "[a] complete copy of Dr. Vigilante's prior case database reflecting (but not limited to) those fields that identify the names of the party(ies) retaining him, case caption, venue, case description and/or product at issue, date of accident, and whether a written report was prepared, as described by Dr. Vigilante during his deposition," and reports from two other cases. Textron's counsel also disagreed that Dr. Vigilante's

expert reports in other cases were subject to privilege, which required him to ask permission to disclose them.

In response, Jenks's counsel stated general objections to the requests and specifically objected to having Dr. Vigilante conduct the requested search without a commitment from Textron to pay any related fees and before he had an opportunity to contact his clients to get their permission to produce their work product.  Jenks also objected on the grounds that the request for the database was overly broad and burdensome, that it was not sufficiently calculated to lead to admissible evidence, and that Dr. Vigilante did not have a database as described in the request.

On August 31, counsel exchanged emails about the requested documents.  Jenks's counsel said that he was not withdrawing objections but would discuss the matter with opposing counsel and would need to talk with Dr. Vigilante about the issues. Textron's counsel responded by saying that he was filing a motion to compel and would certify that Jenks's counsel did not assent to the motion.  The motion to compel was filed the same day.  On September 19, Jenks provided a copy of Dr. Vigilante's article to Textron's counsel.

Counsel should have spent more time and made more of a good faith effort to resolve this discovery dispute before resorting

to the court.  The discussion at Dr. Vigilante's deposition and the resulting exchange of correspondence does not appear to meet the Rule 37(a)(1) requirement that the moving party <u>confer</u> or attempt to <u>confer</u> with the opposing party about the dispute.  On the other hand, Jenks's objection to the motion to compel demonstrates a lack of interest in resolving the dispute between the parties.  To move the matter forward, the court will address the motion on the merits, while cautioning counsel that they are expected to use good faith efforts to resolve discovery disputes and to comply with Rule 37(a)(1) before involving the court.

B.  <u>Motion to Compel</u>

A party may serve on another party a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" certain documents that are within the scope of Federal Rule of Civil Procedure 26(b) and are in the party's custody and control.  Fed. R. Civ. P. 34(a)(1).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: . . . (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  An evasive or incomplete

response is treated as a failure to respond.  Fed. R. Civ. P. 37(a)(4).

Under Rule 26(b), unless otherwise limited, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ."  The court must limit discovery that is unreasonably cumulative or duplicative, that can be obtained from another source which is more convenient or less expensive or burdensome, when the party seeking discovery has had an ample opportunity for discovery, and when the burden or expense outweighs the likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).  To meet the requirements of Rule 37(a)(3)(B), a party seeking to compel production in response to an opposing party's objection, bears the initial burden of showing that the information he seeks is relevant and not privileged.  Wamala v. City of Nashua, 2010 WL 3746008, at *2 (D.N.H. Sept. 20, 2010) (citing Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005)).

Textron asks the court to compel Jenks to produce:

(1) a copy of an article authored by Dr. Vigilante in 2009 that is titled: "Forensic human factors/ergonomics practice from the perspective of the forensic consulting firms,"

(2) "[a] searchable computer database that maintains all of Dr. Vigilante's prior expert reports, including expert reports he prepared regarding his methodologies and opinions in failure to warn claims on behalf of plaintiffs and defendants concerning recreational vehicles such as ATVs,"

(3) Dr. Vigilante's expert report in <u>Hilton v. Tarter Gate Co.</u>, Docket No. 03-cv-6970 (Ct. Common Pleas, Ohio), and

(4) Dr. Vigilante's expert report in <u>Farias v. Mr. Heater Inc.</u>, 757 F. Supp. 2d 1284 (S.D. Fla. 2010).

1. <u>Article</u>

Jenks has provided Textron with a copy of the article.

2. <u>Database</u>

Textron contends in support of its motion to compel that a party's expert witness's prior reports are relevant for purposes of determining the validity of the opinions expressed in the present case by examining inconsistencies in the opinions and the theories and methodologies used in forming prior opinions. Textron also disputes any assertion of privilege because the prior reports were publicly disclosed. Jenks objects on the grounds that the information sought is irrelevant, that Dr. Vigilante does not have the database that Textron describes, that

Dr. Vigilante has already searched for and did not find the reports Textron seeks, and that a search of Dr. Vigilante's entire database would exceed the scope of discovery.

A party is required to disclose "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). Courts have required parties to produce deposition testimony and opinions of an expert given in other cases to assess the consistency of the expert's opinions and methodologies. See, e.g., Spano v. Boeing Co., 2011 WL 3890268, at *1 (S.D. Ill. Sept. 2, 2011); Duplantier v. Bisso Marine Co., Inc., 2011 WL 2600995, at *2-*3 (E.D. La. June 30, 2011); Expeditors Int'l of Washington, Inc. v. Vastera, Inc., 2004 WL 406999, at *2 (N.D. Ill. Feb. 26, 2004).

Jenks does not dispute that at least some of Dr. Vigilante's reports in prior cases are discoverable. Instead, Jenks argues that Dr. Vigilante does not have a searchable database for his expert reports and that he should not have to produce his entire filing system. Jenks further asserts, supported by Dr. Vigilante's affidavit, that he searched for project folders using the keywords "ATV" and "fall from a moving vehicle warning cases" but did not find any reports on those subjects.

At his deposition, Dr. Vigilante testified that he has given opinions in cases involving warnings in ATV cases. Jenks has not provided an adequate explanation for why Dr. Vigilante's opinions prepared in those cases cannot and should not be produced. In addition, Textron asked Dr. Vigilante to search using the keywords "ATV" and "all terrain vehicle." Dr. Vigilante does not explain why he did not do a search for "all terrain vehicle" or why other search terms would not produce discoverable reports. On the other hand, it does appear that requiring Dr. Vigilante to produce a copy of his entire database likely would implicate a concern as to whether a less burdensome method would not be more productive.

Therefore, counsel shall confer about the best means for searching Dr. Vigilante's records to find any of his reports, testimony, or depositions expressing opinions on warnings in ATV cases and on other topics related to his opinions in this case. Related topics include his opinions on product warnings.

3. Reports in Hilton and Farias Cases

Textron also seeks Dr. Vigilante's expert reports in two cases in which he served as an expert witness, Hilton v. Tarter Gate Co., Docket No. 03-cv-6970 (Ct. Common Pleas, Ohio), and Farias v. Mr. Heater Inc., 757 F. Supp. 2d 1284 (S.D. Fla. 2010).

Jenks objects to producing the reports because Dr. Vigilante's clients in those cases have not authorized him to disclose the reports.

Once the moving party meets the initial burden of showing that the requested documents are within the scope of Rule 26(b), the party asserting a privilege bears the burden of showing that the asserted privilege applies.  <u>See</u> <u>In re Grand Jury Proceedings</u>, 183 F.3d 71, 73 (1st Cir. 1999).  "To do so, the proponent of the privilege must set forth facts sufficient to establish all the elements of the claimed privilege."  <u>Id.</u>

In support of its motion to compel, Textron contends that the expert reports in <u>Hilton</u> and <u>Farias</u> are not privileged because they were publicly disclosed in those cases.  Jenks claims "privilege" with respect to the reports but does not identify the privilege asserted or provide any legal authority in support of the claimed privilege.  Instead, Jenks reiterates that Dr. Vigilante's clients have not authorized him to release the reports, suggests that one of the reports might be confidential because of the settlement agreement, and argues that the reports are not sufficiently similar to the issues in this case to be relevant.

Jenks's assertion of privilege is not sufficiently supported.  As presented, it appears that Dr. Vigilante's

opinions in the Hilton and Farias cases both pertain to the sufficiency of warnings on products.  Therefore, they are sufficiently related to the warning issue in this case to come within the scope of Rule 26(b)(1).  Jenks shall produce copies of Dr. Vigilante's expert reports in the Hilton and Farias cases.

## Conclusion

For the foregoing reasons, the defendant's motion to compel (document no. 104) is granted as to Dr. Vigilante's expert reports in Hilton v. Tarter Gate Co., Docket No. 03-cv-6970 (Ct. Common Pleas, Ohio), and Farias v. Mr. Heater Inc., 757 F. Supp. 2d 1284 (S.D. Fla. 2010), which shall be produced to Textron **within fourteen days of the date of this order**.

Counsel for Jenks and for Textron shall confer **within fourteen days of the date of this order** to resolve the issue of searching Dr. Vigilante's database or file system for his expert reports on warning issues in other cases.  Textron's request for a copy of Dr. Vigilante's article is moot.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 3, 2011

cc:  R. Matthew Cairns, Esquire
     James M. Campbell, Esquire
     R. Peter Decato, Esquire
     Dona Feeney, Esquire
     Mark V. Franco, Esquire
     Neil A. Goldberg, Esquire
     John A.K. Grunert, Esquire
     Daniel R. Mawhinney, Esquire
     David S. Osterman, Esquire
     Christopher B. Parkerson, Esquire
     Michael D. Shalhoub, Esquire
     William A. Whitten, Esquire