```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

<u>Melissa Jenks, Individually and</u>
<u>As g/n/f of Roderick Jenks</u>

   v.                                Civil No. 09-cv-205-JD
                                   Opinion No. 2012 DNH 004

<u>New Hampshire Motor Speedway,</u>
<u>Breann M. Thompson, and Textron, Inc.</u>

   v.

<u>Textron Financial, Inc. and A.B.L Leasing</u>

<u>O R D E R</u>

Melissa Jenks, as the guardian and next friend of her husband, Roderick Jenks, and on her own behalf, sued New Hampshire Motor Speedway, Breann Thompson, and Textron, Inc., alleging negligence claims against Thompson and the Speedway and product liability claims against Textron. Textron brought cross claims against Thompson and the Speedway for contribution and indemnification, and Thompson and the Speedway brought third-party claims against Textron Financial Corporation and A.B.L. Inc.[1] Jenks moves to limit the testimony of the defendants' expert witness, William Howerton.

---

[1] Summary judgment was granted in Textron Financial Corporation's favor on the third-party claims against it.

Discussion

Jenks challenges the opinions of William Howerton on the ground that they are not based on reliable methods and principles as required under Federal Rule of Evidence 702. She also argues that Howerton's opinions about safety in riding on the back of a golf car would not assist the jury and are more unfairly prejudicial than probative in violation of Federal Rule of Evidence 403. The Speedway and Thompson object to Jenks's motion and contend that Howerton's opinions are admissible.

A.  Reliability

Expert opinion is admissible under Rule 702 if, among other things, "the testimony is the product of reliable principles and methods." The court, as gate keeper for expert opinions, must ensure that the opinion "is not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). Factors that may be considered in determining whether an expert witness's opinion is based on reliable methods and principles include "(1) whether the theory or technique can be and has been tested; (2) whether the technique has been subject to peer review and publication; (3) the technique's known or potential rate of error; and (4) the level of the theory or technique's acceptance within the relevant discipline." Milward v. Acuity Specialty

Prods. Group, Inc., 639 F.3d 11, 14 (1st Cir. 2011) (internal quotation marks omitted).

Jenks challenges as unreliable Howerton's opinions that the EZ-GO TXT golf car, which was involved in Rod Jenks's accident, was "relatively easy and intuitive to operate," "would require no additional training for a person who has been trained to operate a conventional automobile," was "designed to accommodate relatively large loads placed at the rear of the vehicle without introducing any significant detrimental effects to handling or mobility," and "allows for a rider to stand at the rear well position."  Pl. Mem. doc. no. 114 at 4.  Jenks faults Howerton for failing to take measurements while conducting experiments on the golf car.[2]  She also notes that Howerton testified that his tests could not necessarily be duplicated.

Howerton is a structural engineer and was retained as an expert in vehicle dynamics.  Jenks does not challenge Howerton's qualifications for testing the golf car and arriving at the opinions he provides.  In support of her motion to exclude Howerton's opinions, Jenks provides only her own opinion that

---

[2] Jenks provides Howerton's opinions expressed in his report and his deposition testimony in the introductory section of her memorandum.  In the part of her memorandum titled "Argument and Law," however, Jenks recites paragraphs of legal standards without developed argumentation directed at the reliability of particular opinions Howerton has provided.

Howerton's methods were unreliable because he did not take measurements and because his tests might not be subject to duplication.  Jenks does not establish that other experts in the same field would use different methods or rely on different principles to test the golf car.

"Generally, if an expert has scientific, technical, and other specialized knowledge that will assist the trier better to understand a fact in issue, and that knowledge rests on a reliable foundation, that testimony must be admitted." Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 57 (1st Cir. 2010) (internal quotation marks and citations omitted).  Jenks has not shown that Howerton's opinions are unreliable under Rule 702.  Such disputes about an expert witness's methodology go to the weight, not the admissibility, of the opinion.  See Cranfield v. CSX Transp., Inc., 597 F.3d 474, 487 (1st Cir. 2010).

B.  Relevance and Prejudice

Jenks argues that Howerton's opinions are not relevant and are unfairly prejudicial because the circumstances of his testing were materially different from the circumstances of the accident. An expert's opinion is relevant as long as "the testimony has a 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence.'"  Pages-Ramirez v. Ramirez-Gonzalez, 605 F. 3d 109, 115 (1st Cir. 2010) (quoting Fed. R. Evid. 401).  An otherwise relevant and reliable expert opinion may be excluded under Federal Rule of Evidence 403 if "its probative value is substantially outweighed by the risk of unfair prejudice it creates."  United States v. Flores-De-Jesus, 569 F.3d 8, 20-21 (1st Cir. 2009) (internal quotation marks omitted).

    1.  Relevance

Jenks asserts that expert opinion may not be necessary to show the safest means for riding on the rear of a golf car but does not develop that theory further.  She also contends that unspecified opinions which Howerton developed based on his tests of the golf car are not relevant because Howerton did not precisely duplicate the conditions of the accident.  She argues that the variances between the testing circumstances and the accident make Howerton's opinions of no assistance to the jury.

Specifically, Jenks argues that the conditions were materially different when Howerton tested the golf car because Howerton directed the speed of the car, there was a driver but no passenger, and Howerton knew when to anticipate the turns.  Jenks states, without citation to record evidence, that although Rod

Jenks was holding on with both hands, he was thrown from the golf car because of Thompson's sudden and unexpected turns.  The defendants contend that the circumstances of Rod Jenks's accident are disputed and that Howerton's test reproduced the accident situation as closely as was reasonably possible.

Jenks appears to be objecting to Howerton's testimony about how he rode on the back platform in order to feel reasonably secure and his statement that anyone who did not follow the same precautions would be making a big mistake.  Howerton's opinions are relevant because they address issues of safety and foreseeability that pertain to the defendants' comparative fault affirmative defenses and their third-party product liability claims.  The differences between Howerton's test ride in the golf car and the accident go to the weight of Howerton's opinions not their admissibility.  See Crowe v. Marchand, 506 F.3d 12, 18 (1st Cir. 2007) ("Objections of this type, which question the factual underpinnings of an expert's investigation, often go to the weight of the proffered testimony, not to its admissibility.").

    2.   Prejudice

Jenks also argues that Howerton's opinions are unfairly prejudicial because the jury might infer that because Rod Jenks fell off the car and Howerton did not, Rod was not using

reasonable care. Evidence will be deemed inadmissible under Rule 403 only if its probative value is substantially outweighed by the risk of unfair prejudice. United States v. Pires, 642 F.3d 1, 10-11 (1st Cir. 2011). Jenks contends that differences between the testing and the accident make the probative value of Howerton's opinions weak, which is overcome by the risk of unfair prejudice.

It appears to be undisputed that Howerton directed his assistant to drive the golf car in a certain way to test the conditions of the accident. Because he directed the driver, Howerton anticipated the speed and the turns while riding on the back. Although there is no evidence presented here to show the circumstances of the accident, for purposes of the motion, the court will accept Jenks's proffer that Rod Jenks had no control over the speed at which Thompson drove the golf car and did not anticipate the turn or turns she made when he fell. Those differences, presumably, could be demonstrated at trial.

Howerton's opinion is not that he held on to avoid sudden turns or because of speed but that he was aware of the danger of falling from the time he stepped onto the golf car platform. He found it necessary to brace with his feet and hold on with both hands and did not change that position during the ride. Jenks can develop at trial the information available to Howerton during

his ride that was unknown to Jenks before he fell.  Howerton's opinions are sufficiently probative not to be substantially outweighed by a risk of unfair prejudice.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to limit the defendants' expert witness's opinion testimony (document no. 114) is denied.  The plaintiff remains free, however, to raise appropriate objections at trial to the expert's testimony to the extent the trial context would support such objections.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 10, 2012

cc:  R. Matthew Cairns, Esquire
     James M. Campbell, Esquire
     R. Peter Decato, Esquire
     Dona Feeney, Esquire
     Mark V. Franco, Esquire
     Neil A. Goldberg, Esquire
     John A.K. Grunert, Esquire
     Daniel R. Mawhinney, Esquire
     David S. Osterman, Esquire
     Christopher B. Parkerson, Esquire
     Michael D. Shalhoub, Esquire
     William A. Whitten, Esquire