UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Melissa Jenks, Individually
and as g/n/f of Roderick Jenks</u>

   v.                              Civil No. 09-cv-205-JD

<u>New Hampshire Motor Speedway,
Breann Thompson, and Textron, Inc.</u>

   v.

<u>A.B.L, Inc.</u>

O R D E R

The court held a telephone conference on February 22, 2012, to discuss scheduling and other issues in this case.

I. <u>Trial Schedule</u>

The trial is rescheduled to July 17, 2012.  Jury selection will begin at 9:30 a.m..  Evidence will begin following jury selection.

II. <u>Pretrial Materials and Schedule</u>

The final pretrial conference will be held on a date and at a time to be set by the court, with notice to counsel.

    A. <u>Continuing Duty to Warn</u>

An issue remains in the case as to whether New Hampshire law would recognize a continuing duty to warn as provided under the

<u>Restatement (Third) of Torts:  Product Liability</u> § 10, or under other legal principles.  Parties asserting a continuing duty to warn shall file motions with supporting memoranda of law, not to exceed fifteen pages, on or before **March 14, 2012**.  Any objections and supporting memoranda, not to exceed fifteen pages, shall be filed **on or before March 23, 2012.**

Replies, not to exceed ten pages, shall be filed **on or before March 30, 2012**.

Surreplies, not to exceed ten pages, shall be filed **on or before April 6, 2012.**

B.  <u>Claims and Cross Claims</u>

Counsel shall review the claims and cross claims in order to determine whether any can be eliminated or resolved by agreement or stipulation.  Counsel shall file a notice with the court **on or before May 1, 2012,** designating which claims or cross claims, if any, have been eliminated or resolved.

The parties agree that third-party defendant, Textron Financial Services, Inc. is no longer a party in this case.

C.  <u>Jury Instructions</u>

In lieu of separate requests for jury instructions, counsel shall use their best efforts to agree on a set of jury

instructions and on the order in which those instructions will be given.  Counsel shall address only the substantive instructions that relate to each claim and cross claim.  There is no need to address boilerplate instructions that are commonly given by the court.

The court expects counsel to keep any disagreements to a minimum.  With respect to any particular instruction or part thereof about which there is a disagreement, counsel shall present their alternative versions, identifying the party who is requesting that version.  Each instruction shall convey the law in a neutral manner, and counsel shall not request instructions that are argumentative in nature.  The joint proposed jury instructions shall be filed as a separate document **on or before June 1, 2012.**

    D.   <u>Verdict Form</u>

It is likely that this case will require special interrogatories and/or verdicts.  Counsel shall agree on a form of special interrogatories and/or verdicts to be submitted to the jury.

Counsel are expected to keep their disagreements to a minimum and in the event there are disagreements, counsel shall present their alternative versions, identifying the party who is

proposing that version.  The joint proposed special interrogatories and/or verdicts shall be filed **on or before June 1, 2012.**

III.  Mediation

Counsel are continuing to discuss settlement and agreed that mediation through the court might at some point be helpful in resolving all or part of the case.  To pursue that option, counsel shall confer and file a request for mediation at such time as they deem appropriate.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

February 22, 2012

cc:  R. Matthew Cairns, Esquire
     James M. Campbell, Esquire
     R. Peter Decato, Esquire
     Dona Feeney, Esquire
     Mark V. Franco, Esquire
     Neil A. Goldberg, Esquire
     John A.K. Grunert, Esquire
     Daniel R. Mawhinney, Esquire
     David S. Osterman, Esquire
     Christopher B. Parkerson, Esquire
     Michael D. Shalhoub, Esquire
     William A. Whitten, Esquire