UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Melissa Jenks, Individually
and as Guardian and Next
Friend of Roderick Jenks</u>

   v.                                  Civil No. 09-cv-205-JD

<u>New Hampshire Motor Speedway, et al.</u>

<u>Procedural Order</u>

The plaintiff filed a motion in limine to preclude the deposition testimony of Roderick Jenks on the ground that Mr. Jenks is not mentally competent to testify. In support of her motion, the plaintiff filed excerpts from the deposition of her expert, Dr. Peter Isquith, who testified that Mr. Jenks likely knows the difference between truth and falsity, but may be unable to fully understand the language of a question which could lead him to answer questions based on visual cues or other factors rather than his knowledge.

Textron objected to the motion, arguing that the plaintiff did not rebut the presumption that Mr. Jenks was competent to testify. In support of its objection, Textron submitted a videotaped copy of Mr. Jenks's deposition and excerpts from the depositions of Dr. Isquith and the plaintiff's expert neurologist, Dr. Donald Ayres. Textron contends that both

doctors' opinions support its argument that Mr. Jenks is competent to testify.  Textron further contends that Mr. Jenks's deposition is relevant to the issue of damages and should be admissible as evidence of Mr. Jenks's functional capacity and to rebut the plaintiff's "day in the life" videotape.

"[I]n a civil case, state law governs [a] witness's competency regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 601.  Under New Hampshire law, witnesses are presumed competent to testify.  See State v. Hernandez, 162 N.H. 698, 707 (2011).  "This presumption can be overcome by findings that the witness 'lacks the sufficient capacity to observe, remember and narrate as well as understand the duty to tell the truth.'"  Id. at 707-08 (quoting N.H. R. Ev. 601(b)); see also State v. Brooks, 162 N.H. 570, 580 (2011).

The court has reviewed the parties' memoranda of law and accompanying exhibits.  The parties shall inform the court during or prior to the final pretrial conference, scheduled for Friday, June 29, 2012, at 10:00 a.m., whether they expect to submit additional evidence pertaining to Mr. Jenks's competency to

testify.  The parties shall also inform the court during or prior to the final pretrial conference if they request a competency hearing.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 27, 2012

cc:  R. Matthew Cairns, Esquire
     James M. Campbell, Esquire
     R. Peter Decato, Esquire
     Mark V. Franco, Esquire
     Neil A. Goldberg, Esquire
     Kathleen M. Guilfoyle, Esquire
     Daniel R. Mawhinney, Esquire
     David S. Osterman, Esquire
     Christopher B. Parkerson, Esquire
     Elizabeth K. Peck, Esquire
     Michael D. Shalhoub, Esquire
     William A. Whitten, Esquire