```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Melissa Jenks, Individually
and as Guardian and Next
Friend of Roderick Jenks

     v.                                   Civil No. 09-cv-205-JD
                                          Opinion No. 2012 DNH 120
Textron, Inc.
```

O R D E R

Melissa Jenks alleges a product liability warning claim on behalf of her husband, Roderick Jenks,[1] and a loss of consortium claim on her own behalf against Textron, Inc. arising out of an accident involving a golf car manufactured and sold by Textron.[2] Textron filed a motion in limine to preclude any testimony concerning Melissa's alleged emotional injuries stemming from caring for Rod after the accident. Textron further moves to exclude Melissa's expert, Dr. Carlyle Voss, who offered an opinion on her emotional state. The plaintiffs object to the motion.

---

[1] For purposes of this order, Melissa Jenks will be referred to as "Melissa" and Roderick Jenks with be referred to as "Rod."

[2] Most of the other claims, cross claims, and counterclaims in this case have been resolved either by the court or by the parties.

## Background[3]

Rod was seriously injured in July of 2006 when he fell from the back of an E-Z-Go golf car that was manufactured and sold by Textron. At the time of the accident, the golf car had a label on the dashboard instructing the driver that all occupants must be seated and may have had a sticker on the steering wheel, advising the driver to carry only the number of passengers for whom there were seats. There was no warning on the back of the golf car.

## Discussion

Textron moves to preclude any testimony concerning "the alleged burden imposed on Melissa Jenks as a result of caring for Roderick Jenks," including any resulting emotional distress, on the ground that such testimony is irrelevant to her claim for loss of consortium. Textron further moves to preclude the opinion and anticipated testimony of the plaintiffs' expert, Dr. Carlyle Voss, on the grounds that his opinion is similarly irrelevant, unfairly prejudicial, and addresses matters not fit for expert testimony.

---

[3]The background information is taken from the parties' pretrial statements, motions, and objections.

A.   Emotional Distress as Part of Loss of Consortium

RSA 507:8-a provides that "either a wife or husband is entitled to recover damages for loss or impairment of right of consortium whether caused intentionally or by negligent interference."  A loss of consortium claim "include[s] three elements - service, society and sexual intercourse."  Brann v. Exeter Clinic, Inc., 127 N.H. 155, 161 (1985); see also LaBonte v. Nat'l Gypsum Co., 113 N.H. 678, 682 (1973).  The right to society "includ[es] love, companionship, comfort, affection, solace, or moral support."  Guilfoy v. United Servs. Auto. Ass'n, 153 N.H. 461, 463 (2006).  "The right to services includes physical assistance in the operation and maintenance of the home."  N.H. Civil Jury Instructions 4D § 9.10 (2005).

A plaintiff may recover for emotional distress under a loss of consortium theory.  See Aumand v. Dartmouth Hitchcock Medical Center, 611 F. Supp. 2d 78, 96 (D.N.H. 2009).  "[B]ut the emotional distress recoverable under a loss of consortium theory is of a different kind" than that which is recoverable under a negligent infliction of emotional distress theory.  Id.  Under a loss of consortium theory, a plaintiff can recover for "the emotional distress resulting from the effect of [her husband's] injuries . . . on . . . 'the care, comfort and society' [he] was able to give [her]."  Id. (quoting LaBonte, 113 N.H. at 683).

Textron argues that Melissa's emotional distress arises from the burden of constantly caring for Rod and therefore is irrelevant to her claim for loss of consortium.[4]  Textron is correct that emotional distress which does not arise out of the loss of a spouse's comfort, care, or society is irrelevant to a loss of consortium claim.  The relevance of Melissa's emotional distress, however, is not as limited as Textron suggests.

As both Melissa and Voss note, at least part of her emotional distress results from the fact that "she has lost the person with whom she fell in love and married."  In addition, because of Rod's impairment, Melissa has lost her support during stressful times, including the current situation in which she provides constant care for him.  Therefore, the stress Melissa feels in caring for Rod may be relevant to her claim for loss of consortium to the extent it is caused by her loss of Rod's comfort or society.  In addition, as discussed further below, Melissa's emotional distress, regardless of its cause, is relevant to Rod's claim for damages because it may bear on the type of care Rod receives in the future and her ability to continue to take care of him in their home.

---

[4]Textron focuses on Melissa's emotional distress as discussed in Voss's "Independent Psychiatric Evaluation."

Accordingly, Melissa's emotional distress, as discussed in Voss's Independent Psychiatric Evaluation, is relevant to both her loss of consortium claim and Rod's claim. The jury will be instructed as to the elements of a loss of consortium claim and the type of injuries it may consider. Textron can request a limiting instruction during the course of trial if that becomes necessary and appropriate and shall be prepared to submit one to the court in writing if it intends to make such a request.

B.   Expert Testimony in Loss of Consortium Claim

Textron moves to exclude the opinion and testimony of Dr. Carlyle Voss on the ground that such testimony is irrelevant, unnecessary, and unfairly prejudicial. The plaintiffs argue that Voss has specialized knowledge that will assist the jury with understanding Melissa's emotional distress as it relates to her claim for loss of consortium. They further contend that Voss's testimony is necessary to rebut the opinion of Textron's expert witness who will testify about Rod's life care plan.

As with all evidence, expert testimony must be relevant to an issue in the case. See, e.g., United States v. Pena, 586 F.3d 105, 110 (1st Cir. 2009). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

5

than it would be without the evidence."  Fed. R. Evid. 401.
Expert testimony must be relevant "not only in the sense that all
evidence must be relevant, see Fed. R. Evid. 402, but also in the
incremental sense that the expert's proposed opinion, if
admitted, likely would assist the trier of fact to understand or
determine a fact in issue."  Ruiz-Troche, 161 F.3d at 81; see
also Fed. R. Evid. 702.  Relevance for purposes of Rule 702 is
interpreted liberally.  See, e.g., Mitchell v. United States, 141
F.3d 8, 14 (1st Cir. 1998).

   Voss's Independent Psychiatric Evaluation recounts his
discussion with Melissa about her life with Rod since the
accident, including her relationship with Rod and the toll his
injuries have taken on her emotional well-being.  In Voss's
opinion, Melissa is dealing with an extraordinarily stressful
situation and is at great risk to become overwhelmed
psychologically.

   Voss's opinion is likely to be helpful to the jury in
understanding Jenks's emotional distress as it relates to her
loss of consortium claim.  Voss's opinion, that Jenks is in
danger of having a psychological breakdown, is evidence that
would assist the jury in determining the degree of Melissa's
emotional distress.  See, e.g., Koster v. Trans World Airlines,

Inc., 181 F.3d 24, 35 (1st Cir. 1999) (testimony from a mental health expert relevant to consideration of emotional distress).

In addition, Voss's opinion is admissible because it is relevant to Rod's claim for damages.  In considering the measure of damages for Rod's claim, the jury may consider the reasonable value of medical care, services, and supplies that will probably be required and given in the future treatment of Rod.  Melissa's ability to keep Rod in their home or her need to place him in a supervised living situation is relevant to the reasonable value of Rod's future care.

Accordingly, Voss's opinion and testimony are relevant to both Melissa's loss of consortium claim and Rod's claim, and would be helpful to the jury in determining a fact at issue. Therefore, it is admissible.

Conclusion

For the foregoing reasons, Textron's motion to preclude testimony concerning Melissa Jenks's emotional distress (document no. 179) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

July 6, 2012

cc: R. Matthew Cairns, Esquire
James M. Campbell, Esquire
R. Peter Decato, Esquire
Samantha Dowd Elliott, Esquire
Mark V. Franco, Esquire
Neil A. Goldberg, Esquire
Kathleen M. Guilfoyle, Esquire
Daniel R. Mawhinney, Esquire
David S. Osterman, Esquire
Christopher B. Parkerson, Esquire
Elizabeth K. Peck, Esquire
Michael D. Shalhoub, Esquire
William A. Whitten, Esquire