```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Melissa Jenks, Individually,
and as Guardian and Next Friend
of Roderick Jenks

   v.                                 Civil No. 09-cv-205-JD

Textron, Inc.


## O R D E R

Melissa Jenks brings a product liability claim, as the guardian and next friend of her husband, Roderick Jenks, and a loss of consortium claim on her own behalf against Textron, Inc. Textron moves for judgment on the pleadings to preclude the Jenkses from seeking enhanced compensatory damages. The Jenkses object.


## Discussion

At the final pretrial conference held on June 29, 2012, the court inquired about whether the Jenkses were seeking enhanced compensatory damages in this case. The Jenkses asserted that they were seeking such damages, based on the prayer for relief in their amended complaint. Textron objected, arguing that the Jenkses had not properly pleaded a claim for enhanced compensatory damages. The court directed Textron to address the issue in a motion to dismiss the claim.

"'When an act is wanton, malicious, or oppressive, the aggravating circumstances may be reflected in an award of enhanced compensatory damages.'" Stewart v. Bader, 154 N.H. 75, 87 (2006) (quoting Figoli v. R.J. Moreau Cos., Inc., 151 N.H. 618, 625 (2005)). "Wanton conduct means that the actor is aware that his actions are causing a great risk of harm to others." Johnson v. The Capital Offset Co., Inc., 2012 WL 781000, at *1 (D.N.H. Mar. 6, 2012) (citing Thompson v. Forest, 136 N.H. 215, 220 (1992)). Malicious or oppressive actions are those done with "ill will, hatred, hostility, or evil motive." Stewart, 154 N.H. at 87.

A. Sufficiency of Pleading

Textron argues that the Jenkses failed to properly plead a claim for enhanced compensatory damages because the request appears only in the prayer for relief without factual allegations to support a claim of wanton, malicious, or oppressive conduct. Textron also notes that the Jenkses did not include enhanced compensatory damages in their pretrial statement. The Jenkses argue that they adequately pleaded enhanced compensatory damages by including it in their prayer for relief and that the evidence at trial will support enhanced compensatory damages.

Enhanced compensatory damages are a remedy not a substantive claim.  <u>Minion Inc. v. Burdin</u>, 929 F. Supp. 521, 523 (D.N.H. 1996).  Parties seeking enhanced damages, however, are required to allege and prove facts to support that relief.  <u>See, e.g.</u>, <u>Crowley v. Global Realty, Inc.</u>, 124 N.H. 814, 818-19 (1984).  In the absence of supporting allegations, a request for enhanced compensatory damages may be dismissed.  <u>See, e.g.</u>, <u>Johnson</u>, 2012 WL 781000, at *2.

Textron is correct that the Jenkses' request for enhanced compensatory damages in the complaint lacks supporting factual allegations.  Textron could have, but did not, challenge the sufficiency of the Jenkses' pleadings during the time allowed for dispositive motions.  Further, Textron does not deny that it had adequate notice of that remedy.

During the final pretrial conference, in an effort to identify and resolve issues for trial, it was the court that inquired whether the Jenkses were pursuing the remedy of enhanced damages, noting the reference to enhanced damages in the prayer for relief.  If the court had not raised the issue at the final pretrial conference and the Jenkses had introduced evidence of Textron's alleged wanton and oppressive conduct at trial, as they intended to do, an objection by Textron would likely have resulted in an amendment of the complaint.  Fed. R. Civ. P.

3

15(b)(1).  Under the circumstances presented here and in the absence of prejudice due to inadequate notice, any insufficiency in the pleading does not support dismissing the remedy requested.

B.  <u>Legal Basis for Claim</u>

Textron also contends that enhanced compensatory damages are not available for a strict product liability claim.  In support, Textron states that it did not find a strict product liability case in which the New Hampshire Supreme Court allowed enhanced compensatory damages.  Further, Textron notes that the New Hampshire cases in which enhanced compensatory damages have been awarded involved intentional torts or a breach of fiduciary duty. Textron asks that the court avoid expanding New Hampshire law to permit enhanced compensatory damages for strict product liability claims.

As explained above, the New Hampshire Supreme Court allows enhanced compensatory damages for conduct that is wanton, malicious, or oppressive.  The New Hampshire Supreme Court has not addressed the question of whether enhanced compensatory damages are available for a product liability claim.  Although Textron urges the court not to expand New Hampshire law in this regard, the issue merely requires an application of a settled

4

principle to a product liability claim.  See, e.g., Minion, 929 F. Supp. at 523.

Textron argues that because a strict product liability claim focuses on the nature of the product rather than the conduct of the seller or manufacturer, the conduct-based elements of enhanced compensatory damages are inapposite to strict liability claims.  See, e.g., Bartlett v. Mutual Pharm. Co., Inc., 2010 WL 3659789, at *12 (D.N.H. Sept. 14, 2010).  A failure-to-warn claim, however, requires proof that the manufacturer or seller failed to provide an adequate warning of a dangerous condition. See, e.g., LeBlanc v. Am. Honda Motor Co., Inc., 141 N.H. 579, 586 (1997).  In that regard, a failure-to-warn claim focuses on the conduct of the manufacturer or seller and is "a fundamentally different theory of tort liability that does not implicate a product's physical composition at all.  A failure-to-warn claim asks nothing of a product's design, but requires instead that a manufacturer caution of nonobvious dangers and provide instructions for safe use."  Kurns v. Railroad Friction Prods. Corp., 132 S. Ct. 1261, 1272 (2012) (Sotomayor, J., concurring in part and dissenting in part).  Further, a post-sale failure to warn claim requires proof that a reasonable person in the defendant's position would have provided a post-sale warning. Restatement (Third) of Torts: Products Liability § 10 (1998).

The theory of product liability in this case is failure to warn both before sale and post sale.  Because the Jenkses' product liability claim is based on Textron's conduct in not providing a warning both before sale and post sale, enhanced compensatory damages are not inconsistent with the claim.  The evidence the Jenkses proffer to support enhanced compensatory damages largely pertains to Textron's failure to provide a post-sale warning, which focuses on Textron's conduct.

If the evidence presented at trial would support the remedy, the jury will be permitted to consider whether to award enhanced compensatory damages.

## Conclusion

For the foregoing reasons, Textron's motion for judgment on the pleadings (document no. 210) is denied.

The Jenkses shall file an amended complaint that includes factual allegations to support the remedy of enhanced

compensatory damages.  No other additions, deletions, or changes shall be made to the amended complaint.  The amended complaint shall be filed **on or before July 13, 2012.**


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 10, 2012

cc:  R. Matthew Cairns, Esquire
     James M. Campbell, Esquire
     R. Peter Decato, Esquire
     Samantha Dowd Elliott, Esquire
     Mark V. Franco, Esquire
     Neil A. Goldberg, Esquire
     Kathleen M. Guilfoyle, Esquire
     Daniel R. Mawhinney, Esquire
     David S. Osterman, Esquire
     Christopher B. Parkerson, Esquire
     Elizabeth K. Peck, Esquire
     Michael D. Shalhoub, Esquire
     William A. Whitten, Esquire