UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Melissa Jenks, Individually
and as Guardian and Next
Friend of Roderick Jenks</u>

  v.             Civil No. 09-cv-205-JD

<u>Textron, Inc.</u>


### O R D E R

  Melissa Jenks brought suit on behalf of her husband, Roderick Jenks, against the New Hampshire Motor Speedway, Breann Thompson, and Textron, Inc., alleging negligence claims against Thompson and the Speedway and product liability claims against Textron, as well as a loss of consortium claim on her own behalf against all the defendants.  Textron brought cross claims against the Speedway and Thompson for contribution.[1]  The Speedway and Thompson move to dismiss Textron's claim against them.  Textron objects to the motion.


### <u>Background</u>

  Roderick Jenks worked at the New Hampshire Motor Speedway on July 16, 2006, as part of a program in which the Speedway donates

---

[1] Most of the other claims, cross claims, and counterclaims in this case have been resolved either by the court or by the parties.

money to a charity in exchange for work done by individuals who volunteer to participate.  Jenks, along with several others, was assigned to provide security in the track infield.  After receiving their assignments, Jenks walked with a fellow worker, Marc MacAlpine, toward their assigned area.

Breann Thompson, a Speedway employee, drove by Jenks and MacAlpine in a golf car, which was manufactured by Textron. MacAlpine asked Thompson to give them a ride, and she agreed. MacAlpine got into the passenger seat next to Thompson, and Jenks rode on the back of the car in an area for carrying golf bags. When Thompson swerved, Jenks fell off the car, hit his head, and was seriously injured.

The plaintiffs brought negligence claims against the Speedway and Thompson and product liability claims against Textron, as well as a loss of consortium claim on behalf of Melissa Jenks against all the defendants.  Textron brought cross claims against the Speedway and Thompson for contribution.  The plaintiffs settled their claims against the Speedway and Thompson.  In light of their settlement with the plaintiffs, the Speedway and Thompson (hereinafter, the "Speedway") moved to dismiss Textron's contribution claim.

## Discussion

The Speedway moves to dismiss Textron's contribution claim against it arguing that under RSA 507:7-h, its settlement with the plaintiffs discharges it from all liability for contribution. Textron argues that RSA 507:7-h only discharges the Speedway from liability for contribution if the Speedway and the plaintiffs settled in good faith. Textron further argues that because neither the plaintiffs nor the Speedway has given Textron access to the terms of the settlement, it cannot conclude that the settlement was entered into in good faith and therefore, the contribution claim should not be dismissed.

RSA 507:7-h provides, in relevant part, "[a] release or covenant not to sue given in good faith to one of 2 or more persons liable in tort for the same injury discharges that person in accordance with its terms and from all liability for contribution . . . ." Therefore, a tortfeasor who has settled in good faith cannot be compelled to act as an active litigant, "requiring him to participate in and incur the cost of the litigation." Everitt v. Gen. Elec. Co., 156 N.H. 202, 207 (2007).

Although a settling tortfeasor cannot be compelled to participate in the litigation, a jury may allocate fault to him. Under DeBenedetto v. CLD Consulting Eng'rs, Inc., 153 N.H. 793 (2006), a jury may allocate fault to parties in an action, "including . . . settling parties . . . [and] all parties contributing to the occurrence giving rise to an action, including those immune from liability or otherwise not before the court." Id. at 804 (internal quotation marks and citation omitted). But "[p]ermitting juries to allocate fault on the verdict form among current parties, former parties who have settled, tortfeasors who settled before suit and immune tortfeasors does not mean that a settling tortfeasor (whether that tortfeasor settled with the plaintiff before or after suit was filed) may be joined in the litigation as an active litigant." Everitt, 156 N.H. at 207; see also Nilsson v. Bierman, 150 N.H. 393, 396 (2003)).

Here, the plaintiffs and the Speedway reached a settlement through a judicial settlement conference before Chief Judge Joseph LaPlante. At the final pretrial conference, the plaintiffs and the Speedway represented to the court that they entered into the settlement in good faith. They further represented that the terms of the settlement do not require the Speedway to make any of its witnesses unavailable for trial.

Textron has not shown any reason to conclude that the settlement involved collusion or fraud, or was otherwise entered into in bad faith.  Nor does Textron put forth any case law in support of its contention that a non-settling defendant is entitled to have access to the terms of another defendant's confidential settlement in order to determine that the settlement was reached in good faith.  Instead, Textron argues only that it cannot be sure that the settlement was made in good faith until it is aware of all the terms.  Textron's unsupported suspicions aside, it has not put forth any reason to believe that the settlement was reached in bad faith.

Based on the plaintiffs' and the Speedway's representations to the court at the final pretrial conference, the court is satisfied that the plaintiffs and the Speedway settled their claims in good faith.  Accordingly, RSA 507-7:h discharges the Speedway from liability for contribution.

## Conclusion

For the foregoing reasons, the Speedway's and Thompson's motion to dismiss Textron's claim for contribution (document no. 204) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 11, 2012

cc: R. Matthew Cairns, Esquire
James M. Campbell, Esquire
R. Peter Decato, Esquire
Samantha Dowd Elliott, Esquire
Mark V. Franco, Esquire
Neil A. Goldberg, Esquire
Kathleen M. Guilfoyle, Esquire
Daniel R. Mawhinney, Esquire
David S. Osterman, Esquire
Christopher B. Parkerson, Esquire
Elizabeth K. Peck, Esquire
Michael D. Shalhoub, Esquire
William A. Whitten, Esquire